The only question presented by this appeal is the timeliness of filing an application for reimbursement by the insurance carrier claiming reimbursement from the Special Disability Fund. On July 14, 1948, the Workmen’s Compensation Board found accident, notice and causal relation between the accident and resultant disability and amputation of a member. On September 21, 1948, the carrier filed a claim for reimbursement from the Special Disability Fund, before there had been any formal determination as to the extent of claimant’s injuries, or final classification of his disability. The board has held that the findings of accident, notice and causal relation for the loss of a member by amputation is a final determination that the condition resulting from the accident is permanent within the meaning of paragraph (f) of subdivision 8 of section 15 of the Workmen’s Compensation Law, as a matter of law, and that the claim for reimbursement thereafter filed is not timely. We do not agree with this construction. In fixing a time limitation for filing a claim for reimbursement, paragraph (f) of subdivision 8 of section 15 of the Workmen’s Compensation Law did not contemplate barring any claim for reimbursement simultaneously with the determination that the case was compensable. The fact that the permanency of a particular injury may be considered rather obvious is not controlling. The clear import of the statute is a final determination expressly finding that fact, and until a formal determination of the nature and extent of the “resulting disability” has been made, a claim for reimbursement is timely. Decision and award modifiéd, on the law, without costs, by reversing the decision and award insofar as' it discharges the Special Disability Fund from liability and the matter remitted to the Workmen’s Compensation Board for consideration of the claim for reimbursement on the merits. Deyo, Bergan and Coon, JJ., concur; Foster, P. J., dissents, in the following memorandum, in which Heffernan, J., concurs: I dissent and vote to affirm the decision of the board. As I view it; once the accident, notice and causal relation are found, and the fact of the amputation of a leg is established, a permanent partial disability exists as a matter of law irrespective of whether a formal finding to the effect has been made (Workmen’s Compensation Law, § 15, subd. 3).